Aspinwall v. Aspinwall.

LENA ASPINWALL, APPELLEE, V. OLIVER C. ASPIN-
WALL, APPELLANT.

**Final Order.** An order in an action for divorce awarding the
wife alimony and suit money *pendente lite* to be paid by the hus-
band, cannot be taken by appeal or error to the supreme court
before judgment or decree granting or denying a divorce.

APPEAL from the district court for Gage county. Heard
below before BROADY, J.

*L. W. Colby,* for appellant.

*R. W. Sabin,* for appellee.

COBB, CH. J.

The plaintiff filed her petition and commenced her ac-
tion in the district court of Gage county against the de-
fendant for divorce and alimony for the several causes set
out in her said petition. She also prayed for an order of
said court to compel "the said defendant to pay plaintiff
temporary alimony, sufficient for her support and that of
her child, and the necessary conducting of said suit," etc.

The defendant made answer to the said petition denying
his marriage with the plaintiff, and making other denials
and admissions of facts stated in said petition. To this
answer there was a reply denying all new matter.

On the 11th day of March, 1885, the said district court
made an order in said cause: "That the defendant pay to
the plaintiff or to R. W. Sabin, her attorney, the sum of $300
in installments of $100 each, on the first day of each and
every month for the next three months, and the further
sum of $50 per month to be paid on the first day of each
and every month, commencing on the first day of April
next, until the further order of this court for the mainte-
nance and support of the plaintiff and her child."

To this order the defendant excepted and brought the same to this court by appeal. The plaintiff filed a motion in this court to dismiss the appeal for the reason "That the order of the district court granting alimony *pendente lite* is not such a final order as can be appealed from the district court to the supreme court while the cause is still pending in the court below."

By an arrangement of counsel at the hearing, the motion and the questions presented by the appeal were argued together.

In natural order the motion must be first considered.

Section 675 of the code provides, "That in all actions in equity either party may appeal from the judgment or decree rendered, or final order made by the district court, to the supreme court," etc. The "judgment or decree" here referred to must be the final or main judgment or decree in the case, otherwise the definite article would not be used in stating it. But appeal also lies from a "final order made by the district court."

The action of the district court appealed from in the case at bar is clearly not the final or main judgment or decree in the case. The principal thing sought and litigated for in the action is a divorce, and no judgment or decree in the case can be considered final unless it either awards or denies such divorce. But is it a final order? If the statute above quoted stood alone it might be somewhat difficult to answer this question. Section 581 of the code provides that, "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be vacated, modified, or reversed, as provided in this title." This definition of a final order was made in view of proceedings in error. But, it being the only statutory definition applicable thereto, it must be held also to

control as well when used in reference to proceedings by appeal.

A considerable portion of the brief of appellant is devoted to the argument of convenience. And, if addressed to the legislature, would, in the opinion of the writer, be worthy of very serious consideration. There the mischief complained of might be remedied by careful legislation, and made to apply to a limited and well defined class of cases. But even were it granted that this court possesses the power to extend by construction the class of orders which may be brought by appeal from the district courts, the exercise of such power would be to declare a general principle, which would necessarily be far-reaching in its effects, and necessarily tend to protract and complicate litigation, and that would certainly be progress in the wrong direction.

Under the above statutory definition then, the order appealed from, although it affects a substantial right in an action, it does not determine the action and prevent a judgment. It is not an order made in a special proceeding, but is one made in an action to which the general rules of equity apply, although in some respects limited by statute. Nor is it an order made upon a summary application in an action after judgment.

Having reached the conclusion that the order appealed form is not appealable as an order, it will not be examined on the merits.

The order of the district court is affirmed, and the cause remanded to said court for further proceedings in accordance with law.

*JUDGMENT ACCORDINGLY.*

THE other judges concur.