LUKE . LAVENDER, APPELLANT, V. HENRY ATKINS ET AL., APPELLEES.

Attorneys: FEES : SETTLEMENT OF CASE BY PARTIES. Where, in an action for the recovery of the title to real estate, the plaintiff and his attorneys enter into a contract by which the attorneys are to receive as their compensation a part of the property recovered in the action, and the plaintiff, pending the litigation, settles the case with defendants to his satisfaction—there being no attorney's lien for fees, it was *Held*, That the attorneys could not intervene to continue the suit by virtue alone of their contract with their client.

APPEAL from the district court of Lancaster county. Heard below before MITCHELL, J.

*Lamb, Ricketts & Wilson* and *J. R. Webster,* for appellant.

*D. G. Courtnay* and *O. P. Mason,* for appellees.

REESE, J.

The original action in this cause was instituted in the district court. The purpose of the suit was to set aside certain sheriff's sales and deeds to the lands described, which were alleged to be fraudulent. Upon a trial to the district court, a decree was rendered adverse to plaintiff in part, and from which he appealed. Defendants not being satisfied with a part of the decree, also took steps to appeal. Pending these proceedings, Lavender and defendants, on the 18th day of December, 1885, amicably adjusted their differences and settled the case. The stipulation of settlement was filed on the 21st day of the same month. December 26th the appellants here notified defendants that on the 28th they would apply to the district court for leave to intervene, and file a supplemental peti-

tion as plaintiffs, and prosecute the action on behalf of themselves for the protection of their rights as attorneys of Lavender, under a contract made with him on the 18th day of March, 1884, and filed for record December 21, 1885. This contract provided that in case of success the attorneys were to have a certain portion of the real estate recovered. The application of the intervenors was refused and final judgment entered according to the stipulation of settlement. From this refusal and judgment the attorneys appeal to this court. Defendants now move to dismiss this appeal for the reason that the cause is settled as between the parties to the action, and the judgment or decreee cannot be reviewed upon the application of the attorneys.

The briefs of counsel seem to discuss not so much the motion to dismiss, as the merits of the case upon the appeal, and we are inclined to pursue the same course. It must be conceded that any person against whom a final order is made may prosecute error or appeal for the purpose of reviewing that order, and in so far as the *right* to appeal so as to obtain a review of the last judgment of the district court is concerned, it must be conceded to exist, and to that extent the motion cannot be sustained. But it is also clear that the action of the district court in its last or final order was right, and will have to be sustained.

What the rights of counsel may be in the case, it is not necessary here to discuss. It is only necessary to say that, Lavender and defendants having settled their dispute, the *case* is at an end and the litigation in that suit cannot be continued. It is true that plaintiff's attorneys had a contract with him which had the suit been carried to its ultimate results, might have been of an advantageous character to them, but they cannot litigate their rights in this action. If that contract gave them any rights as against defendants, it must be enforced in the proper suit. They cannot prosecute this appeal. No question of attorney's

lien arises.   No effort was made to comply with the provisions of the statute conferring such lien.   Whatever rights Lavender's attorneys may have against defendants, if any, arise solely upon their contract, and cannot be litigated in this proceeding.

It therefore follows that the motion to dismiss must be sustained, which is done, and the proceeding dismissed.

JUDGMENT ACCORDINGLY.

The other judges concur.