Aspinwall v. Sabin.

OLIVER C. ASPINWALL, PLAINTIFF IN ERROR, V. ROBERT W. SABIN, DEFENDANT IN ERROR.

1. Jurisdiction : PRESUMPTION. It is a rule of law that every presumption is in favor of the correctness of the decision of courts of general jurisdiction until the contrary is made to appear. *Bedford v. Ruby*, 17 Neb., 97.

2. Bills of Exceptions should contain all the evidence considered by a court in the trial of a cause. If not, it must be presumed that the findings of the trial court on questions of fact are correct.

3. **Divorce and Alimony:** ATTORNEY FEES: LIEN. Where, in an action for divorce and alimony, an order is made by the court in which the cause is pending, requiring a sum of money to be paid into court as and for attorney's fees, and afterwards the parties to the action, by collusion and fraud and for the purpose of defrauding the attorney for plaintiff out of the allowance made for his compensation, with notice of an attorney's lien thereon in his favor, enter into an alleged settlement by which the cause is to be dismissed and the order for alimony satisfied, such fraudulent settlement will be set aside, on motion of the attorney entitled to the money, and the amount found due ordered to be paid into court by the defendant.

4. ———: ———: ———: PARTIES. In such case, where no relief is sought as against the original plaintiff and her rights are to be affected in no way, she is not a necessary party to the motion, and no notice upon her of the pendency thereof is necessary.

ERROR to the district court for Gage county. Tried below before BROADY, J.

*L. W. Colby* and *R. S. Bibb*, for plaintiff in error.

*Griggs & Rinaker* and *R. W. Sabin (pro se)*, for defendant in error.

REESE, J.

On the 7th day of February, 1885, Lena Aspinwall instituted her action in the district court of Gage county against Oliver C. Aspinwall, in which she prayed for a divorce and alimony. During the progress of the case proceedings were had which resulted in an order being made by the court allowing her $50 per month for the maintenance of herself and child, and $300, to be paid in three equal installments, for attorney's fees and expenses of suit. From this order the defendant in that action appealed to the supreme court, where the decision of the district court was affirmed. See 18 Neb., 463. The alimony ordered to be paid, including the allowance for attor-

ney's fees, being unpaid, an execution was issued and levied upon the real estate of the defendant. On the 15th day of January, 1886, and after the levy of the execution, the parties to the suit "settled and dismissed" the case. This settlement and dismissal was by a stipulation prepared by an attorney who had had no connection with the case for either party. Whether or not any money was actually paid is not shown by the record. On the day following the settlement the defendant in error filed and gave notice of an attorney's lien upon the $300 and for the further sum of $50 for money expended on behalf of plaintiff in said suit. On the 18th of the same month the stipulation for the dismissal of the action and acknowledgment of satisfaction of the order for alimony were filed with the clerk of the district court. On the first day of February following, defendant in error filed a motion to set aside the se tlement, upon the ground that it was made collusively and with the intent and purpose of defrauding him and preventing him from obtaining the compensation due him as the attorney for the plaintiff in the action. This motion was sustained, and plaintiff in error was ordered to pay into court the sum of $300. The order was based upon the following findings of fact:

"1st. That there is due and owing to the said R. W. Sabin the sum of $300 for his services as attorney for and on behalf of said plaintiff in and about the management of said cause.

"2d. That the said satisfaction filed January 18th, 1886, of the decree for temporary alimony heretofore rendered in this cause, was made by and between said Lena Aspinwall, plaintiff, and said O. C. Aspinwall, defendant, for the purpose of cheating and defrauding the said R. W. Sabin out of said amount due him for services performed by him as attorney of and for plaintiff in and about the management of this cause.

"3d. That the said satisfaction of said decree for tem-

porary alimony is collusive, fraudulent, and void as against the said claim of the said R. W. Sabin for said attorney fee due him as aforesaid, and the said satisfaction should be set aside and be held for naught, so far as the same in any manner interferes with the collection from the said defendant of the amount of said attorney fee due the said R. W. Sabin as aforesaid.

"4th. That at the time of the making, signing, and filing of the said satisfaction of the said decree for temporary alimony, the said Lena Aspinwall, plaintiff, and the said O. C. Aspinwall, defendant, well knew that the said R. W. Sabin had a lien for his services as plaintiff's attorney in said cause for the sum of $300, and that no part of the same had been paid.

"5th. That at the time of the making, signing, and filing of the said satisfaction of said decree for temporary alimony, the said O. C. Aspinwall, defendant, had due and legal notice of the lien of the said R. W. Sabin upon the said decree for the amount of $300 for his services as attorney for and on behalf of said plaintiff in said cause as aforesaid."

It is insisted that the court erred in these findings, and that the findings should have been in favor of plaintiff in error. This question cannot be examined for the reason that the certificate of the judge of the district court, attached to the bill of exceptions, shows affirmatively that the evidence before him at the hearing of the motion is not all included therein. The certificate is as follows:

"In addition to the above, the other affidavits contained in the former bill of exceptions heretofore signed and filed in this case were considered by the court. And be it further remembered that the foregoing as above stated is all the evidence offered on the trial of said cause either by the said R. W. Sabin or the defendant, and the objections made to the evidence, the rulings of the court thereon and exceptions thereto, and the said defendant prays the court now here to sign and seal this, his bill of exceptions, which is accordingly done," etc.

Every presumption is in favor of the correctness and regularity of the proceedings of the trial court, and error cannot be presumed. *Bedford v. Ruby*, 17 Neb., 98. Therefore it should affirmatively appear that the bill of exceptions contains all the evidence submitted to the trial court. *R. R. Co. v. Menk*, 4 Id., 21.

It is said that "the court had no jurisdiction of the subject-matter, the case having been settled and dismissed by the parties to the action and the costs paid." In support of this position the decision of this court in *Lavender v. Atkins*, 20 Neb., 206, is cited. We do not think that case is in point here. As we have seen, the finding of the court in this case is that plaintiff in error and his wife had full notice of the lien of the defendant in error, and that the settlement was made collusively and fraudulently for the purpose of defrauding defendant in error. So far as this proceeding is concerned, this finding must stand as true. In the case cited it is said : "No question of attorney's lien arises. No effort was made to comply with the provisions of the statute conferring such lien. Whatever rights Lavender's attorneys may have against defendants, if any, arise solely upon their contract, and cannot be litigated in this proceeding." In that case the attorneys sought to intervene and continue the litigation of the main case as plaintiffs. In this case the alleged settlement is attacked as fraudulent in so far as it affects the rights of defendant in error. It is a well-settled principle of law that fraud vitiates everything into which it enters. *School District v. Randall*, 5 Neb., 411. Therefore, if the settlement was made as found by the court, it was void as to defendant in error.

No notice of the pendency of the motion was given to or served upon Lena Aspinwall, the plaintiff in the original case. This fact is urged in support of the contention that the district court had no jurisdiction over her, and therefore could not legally make the order complained of.

As no relief is sought as against her, and it is not sought to affect her rights in any particular, and no judgment or order was rendered against her, we cannot see that for that reason a judgment could not be entered against plaintiff in error, who appeared to the merits without objection.

No error affirmatively appearing of record, the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.