Hon. ROBERT RYAN,
Hon. JOHN M. RAGAN, } Commissioners.
Hon. FRANK IRVINE,

---

E. R. Spotswood & Son v. National Bank of Commerce.

Filed February 19, 1895.   No. 5886.

1. **New Trial:** Hearing of Motion: Evidence.   Where a motion for a new trial is made for parties on the grounds that they were never made parties to the action and never appeared therein and never authorized any attorney to appear for them, and that the attorney who claimed to represent them had no authority to do so, and that no proper defense had been made in their behalf, and that they possessed a full and adequate defense to the action which they desired to present, and affidavits are filed in support of and to controvert the grounds of such motion,

5                               (1)

it is proper for the trial judge, in determining the motion, to take into consideration matters of record which occurred during the trial of the case and have a bearing upon the issues to be determined in deciding the motion for a new trial.

2. **Review:** BILL OF EXCEPTIONS. Where the certificate to a bill of exceptions filed in this court, purporting to contain the evidence used on the hearing of a motion for a new trial, includes a statement that the evidence introduced and proceedings during the trial were considered in passing upon the motion, and the evidence and record of such proceedings are not preserved by the bill of exceptions, the question of the correctness of the ruling of the trial judge cannot be examined in this court, for the reason of the insufficiency of the bill of exceptions, and the find-ings of the trial court on the issues of fact involved in such hearing must be presumed to be correct and so treated.

ERROR from the district court of Douglas county. Tried below before DOANE, J.

*John O. Yeiser*, for plaintiffs in error.

*B. N. Robertson, contra.*

HARRISON, J.

This action was commenced in the district court of Douglas county June 7, 1890, the relief sought being to enjoin the defendant bank from collecting, or proceeding to collect, the balance of the amount of a promissory note, which we gather from the record was signed by Charles C. Spotswood as principal debtor and E. R. Spotswood & Son as surety. The petition was apparently filed in the interests of both principal and surety, signers of the note. The petition was so entitled and was signed by an attorney under the names of both parties, and by him as their attorney. A restraining order was allowed and a time fixed for hearing, and as a result of the hearing, which was had in due course of the proceedings, the following order was made: "And now, on this 18th day of July, 1890, on hearing the application for the injunction prayed for in the above en-

titled cause, and on hearing the affidavits on file both in support of and against said injunction, it is hereby ordered that the temporary injunction prayed for be, and the same is hereby, allowed and granted as prayed for in the petition filed herein, to continue in force and effect until this cause can be finally heard in its regular order, and the issues in this case fully determined, upon condition, however, that the plaintiff file a good and sufficient bond, to be approved by the clerk of this court, in the sum of $300, and on the further condition that within five days the firm of E. R. Spotswood & Son, mentioned in the petition, enter an appearance herein of record, and become a party plaintiff in this suit, and leave is hereby given to amend the petition now on file herein by interlineation for the purpose of making the said E. R. Spotswood & Son a party plaintiff herein." Answer and reply were filed, and on a trial of the issues judgment was rendered in favor of defendant, and granting it affirmative relief in the amount of the balance the court found from the evidence was due it on the note. This was of date January 18, 1892, and on the same day a motion for new trial was filed by Charles C. Spotswood and a separate motion for new trial in behalf of E. R. Spotswood & Son, in which it was recited that E. R. Spotswood & Son did not commence the action, were not served in any manner, and did not voluntarily appear or submit to the jurisdiction of the court by attorney or in person, and never authorized the attorney who apparently represented them or any other attorney to appear for them in said cause, and had no knowledge that any one had so appeared, or that they had been made parties to the suit until after judgment was rendered; that they had been deprived of the right to their day in court, and to make a full and adequate defense to the action which they possessed. These motions for new trial were overruled, the order in reference to that of E. R. Spotswood & Son being as follows: "This cause coming

on to be heard on the motion of E. R. Spotswood & Son, of Lexington, Kentucky, a firm composed of S. P. Spotswood and O. N. Spotswood, the plaintiffs herein, for a new trial of said cause, the affidavits of O. N. Spotswood, John P. Breen, and John O. Yeiser, and was submitted to the court, on consideration whereof the court finds that the said John P. Breen, attorney, was duly authorized to represent the said E. R. Spotswood & Son on the trial of said cause, and did in fact so represent them with their knowledge and consent, and that the matters in controversy herein have been fully adjudicated herein. It is therefore considered by the court that the said motion be, and the same is hereby overruled, to which the defendants E. R. Spotswood & Son except." And a petition in error has been prosecuted to this court for E. R. Spotswood & Son, to secure a review of the rulings of the trial judge upon their motion for a new trial.

In settling the bill of exceptions the following record was made:

"Received of John O. Yeiser, attorney for E. R. Spotswood & Son, the above proposed bill of exceptions to the rulings of the court on the motion for a new trial by E. R. Spotswood & Son for amendments this 25th day of May, 1892.           CORNISH & ROBERTSON,
                    "*Attorneys for National Bank.*

"I hereby return the within bill of exceptions, but refuse to approve of the same, for the reason that the affidavit of John O. Yeiser was not read, but by consent he was permitted to state its contents and thereafter file the same, provided he would also file his written authority to appear for E. R. Spotswood & Son. This last he has not done. Defendant further objects to this bill of exceptions for the reason that no bill of exceptions has ever been prepared and served upon this defendant showing the evidence received upon the trial of this cause, although such bill of exceptions (had it been prepared) would have shown that

the matters of defense set forth in said motion for new trial were fully presented and determined at said trial and the said E. R. Spotswood & Son were then fairly represented and the time for filing such bill of exceptions has long since elapsed.

"NATIONAL BANK OF COMMERCE,

"Defendant,

"BY CORNISH & ROBERTSON,

"Its Attorneys.

"Received above June 2, 1892.    JNO. O. YEISER."

The certificate of the judge was as follows: "The foregoing three affidavits was all the evidence offered and given by either party on the hearing of the said motion for a new trial by E. R. Spotswood & Son, and, on application of the said E. R. Spotswood & Son, this bill of exceptions is allowed by me, and ordered to be made a part of the record in this case; and I further certify that in passing upon said motion for a new trial I considered all the evidence and proceedings upon the trial of the case in addition to said affidavits," and was dated and signed. The foregoing certificate was type-written matter from the first word "The," to and including the word "case," where it first appears in the certificate. The remainder, from the word "and," immediately following the word "case," to the end of the body of the certificate, was in handwriting, presumably, from all indications contained in the record, that of the judge who signed the certificate. From this it will be seen that we have not now before us all the evidence which the judge who passed upon the motion for a new trial considered in deciding such application. The testimony contained in the affidavits which were filed and used at the hearing of the motion was conflicting, and whatever it was, if anything, contained in the record made during the trial bearing upon the questions decided in passing upon the motion, i. e., the appearance or non-appearance of E. R. Spotswood & Son or their representation by attor-

ney, and his authority or want of authority so to do and the care then taken of their interests, which assisted the trial judge in reaching a conclusion, we cannot say, as it is not before us, nor can we say whether it was sufficient, when coupled with the evidence in the affidavits, to warrant his conclusion. As to the propriety of the judge considering what may have appeared in the record of the trial bearing upon the questions presented by the motion, we have no doubt. The complaint was made that plaintiffs in error were not represented in the case or during the trial, and if any one claimed to appear for them it was without authority. If anything transpired during the trial which would assist in determining the controversy it was undoubtedly competent for such purpose and proper to be considered and given its due weight by the court. It is a settled rule that every presumption is in favor of the correctness of the proceedings of a trial court, and error will not be presumed, and it must affirmatively appear that all the testimony submitted or considered at any hearing by a trial court is contained in the bill of exceptions. (*Aspinwall v. Sabin*, 22 Neb., 76.) We think this rule is applicable to a hearing upon a motion for a new trial, at least in a case such as the one at bar, where it appears affirmatively from the certificate of the presiding judge that a portion of the record which it was entirely proper for him to consider was not preserved by the bill of exceptions. The judgment of the district court is

AFFIRMED.