WESLEY A. SPENCE V. JAMES K. LANE.

FILED NOVEMBER 18, 1903.   No. 13,192.

Review: BILL OF EXCEPTIONS. The certificate allowing a bill of exceptions should affirmatively show that the bill contains all the evidence given upon the trial; and, in the absence of such showing, this court can not review any finding of the trial court or jury where the sufficiency of the evidence to support such finding is questioned.

ERROR to the district court for Saline county: GEORGE W. STUBBS, JUDGE.  Affirmed.

E. S. Abbott and Ray Abbott, for plaintiff in error.

Fayette I. Foss and George H. Hastings, contra.

DUFFIE, C.

Spence sued Lane for malicious prosecution. The jury returned a verdict for the defendant, and, from a judgment entered on the verdict, plaintiff has taken error to this court. The parties agreed upon the bill of exceptions which was signed and allowed by the clerk. The clerk's certificate is as follows:

"State of Nebraska, county of Saline, SS. I, J. W. Shabata, clerk of the district court in and for Saline county, Nebraska, hereby certify the within and foregoing bill of exceptions to be the original bill of exceptions had

and taken on the trial of the cause therein entitled and, by reason of the stipulation of the parties to said action, which stipulation is hereto attached, I hereby settle, allow, sign, seal the same and make it a part of the record in said cause. Witness my hand and official seal this 15th day of January, 1903. J. W. Shabata, clerk of the district court, Saline county, Nebraska."

This certificate of the clerk fails to show that the evidence contained in the bill was all that was given upon the trial. Hence, it is impossible for us to review the findings of fact of which complaint is made. The bill of exceptions should state affirmatively that it contains all the evidence. *Omaha & N. W. R. Co. v. Menk,* 4 Neb. 21; *Aspinwall v. Sabin,* 22 Neb. 73; *McClain v. Morse,* 42 Neb. 52.

It is urged, in argument, that the evidence clearly establishes that the defendant was actuated by malice in commencing the criminal prosecution against the plaintiff, and this is the principal question upon which a reversal is asked, it being insisted that the verdict of the jury is not sustained by the evidence. Whether the prosecution complained of was malicious depends entirely upon the facts established by the evidence given upon the trial, and as the evidence has not been certified to us, it is evident that we can not determine that question. The presumption is in favor of the action of the district court, and we recommend an affirmance of the judgment.

Kirkpatrick, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

Affirmed.