KAREN P. ISENBERGER, APPELLEE, V. DAVID M. ISENBERGER,
APPELLANT.

477 N.W.2d 927

Filed December 27, 1991.    No. 89-825.

Warren S. Zweiback and Peter J. Lorenz, of Zweiback, Hotz & Lamberty, P.C., for appellant.

Pamela Hogenson Govier, of Frost, Meyers, Guilfoyle & Govier, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

This is a dissolution action of a 25-year marriage in which the respondent husband has appealed. He assigns as error the trial court's actions in (1) not allowing respondent to withdraw his rest and adduce further testimony as to his expenses, (2) granting excessive alimony of $900 per month for 90 months, (3) dividing the assets of the parties, (4) ordering respondent to pay $800 on petitioner's attorney fees in the trial court, and (5) providing that the period of 90 months for the payment of alimony shall not begin until this appeal is disposed of and that during the appeal, respondent shall pay $900 per month as temporary alimony.

With regard to the first four assignments of error, we have reviewed the trial court's judgment de novo on the record, and we determine that the trial court did not abuse its discretion in refusing to allow respondent to withdraw his rest, in the determination of alimony, in the division of marital assets, or in the order as to attorney fees.

We do note, however, that while the trial court found that alimony should be paid for 90 months, the court's order did not limit payments to the 90-month period. The decree should be modified in that respect.

We further determine that the court abused its discretion in ordering that respondent's payment of alimony during the

appeal "shall be in the form of temporary alimony and shall not constitute a credit against the Respondent's final obligation to pay alimony." We reverse that order and direct that respondent's obligation to pay alimony begin on July 1, 1989, and continue for 90 months.

As so modified, the trial court's order is affirmed. Each party shall pay his or her own attorney fees on appeal.

AFFIRMED AS MODIFIED.