KATHRYN JOAN JESSEN, APPELLEE, V.
TERRY LYNN JESSEN, APPELLANT.

611 N.W. 2d 834

Filed June 9, 2000. No. S-99-496.

James L. Zimmerman, of Sorensen & Zimmerman, P.C., for appellant.

Jeffrey L. Hansen, of Simmons, Olsen, Ediger, Selzer, Ferguson & Carney, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Terry Lynn Jessen appeals the order of the district court for Scotts Bluff County which denied Terry's motion to quash garnishment and order repayment of alimony. For the reasons set forth below, we affirm.

## STATEMENT OF FACTS

The instant appeal arises from the sequelae of dissolution proceedings involving the parties, Terry and Kathryn Joan Jessen, who were married on September 6, 1975, and divorced on September 18, 1996. The parties have filed three separate appeals involving various issues raised in the dissolution proceedings. In *Jessen v. Jessen*, 5 Neb. App. 914, 567 N.W.2d 612 (1997), the Nebraska Court of Appeals dismissed Terry's appeal of the district court's order finding him in contempt of a nonhypothecation order for lack of a final, appealable order. In *Jessen v. Jessen*, case No. A-96-1151, a memorandum opinion and judgment on appeal filed November 10, 1998 (appeal of the decree), upon cross-appeals, the Court of Appeals affirmed all challenged orders of the divorce decree, except the award of alimony, which it vacated. The instant appeal arises from the district court's order subsequent to the spreading of the mandate following the appeal of the decree.

On June 21, 1994, Kathryn filed a petition for dissolution of marriage. On September 18, 1996, the district court entered the decree of dissolution. In the decree, the district court, inter alia, dissolved the parties' marriage; awarded custody of the couple's two children to Kathryn, with visitation to Terry; ordered Terry to pay child support; divided the parties' marital property; and ordered Terry to pay Kathryn alimony in the amount of $3,000 per month for 10 years.

On September 27, 1996, Terry filed a motion for new trial. On the same date, Kathryn filed a motion to establish temporary orders and set supersedeas, in which she requested, inter alia, that the district court award her temporary spousal support while the decree was being appealed. In a journal entry filed October 18, 1996, the district court overruled both parties' motions for new trial. In the same journal entry, the district court awarded Kathryn temporary alimony pending appeal in the amount of $3,000 per month.

On November 8, 1996, Terry filed a notice of appeal, in which he stated that he was appealing the decree and the district court's journal entry denying his motion for new trial. Thereafter, Kathryn filed a cross-appeal.

In Terry's brief filed in the appeal of the decree, he assigned the following 10 errors:

1. The Decree of the court is not sustained by sufficient evidence.

2. The Decree of the court is contrary to the evidence.

3. The Decree of the court is contrary to law.

4. The court erred in finding that an antenuptial agreement [the parties had signed prior to marriage] was not valid and binding.

5. The court abused its discretion in its determination of the income the parties would receive off the property awarded to them [as a result of the property division] by not relying upon income tax returns, but by relying upon a return investment analysis.

6. The court erred in determining child support again based on the income analysis used by the court to determine what income would be realized upon the court's return on investment analysis.

7. The court erred in awarding alimony be paid by [Terry] to [Kathryn] in view of the income available to [Kathryn] and the amount of income that she would derive from the property awarded to her.

8. The court erred in awarding attorney fees and costs to be paid by [Terry] to [Kathryn] in view of the property and income that was awarded to [Kathryn].

9. The court erred in its determination of what property should be set aside as pre-marital.

10. The court erred in the division of property and the court's evaluation of the property that was divided by the court and awarded to [Kathryn] and [Terry], and evaluations that the court placed upon pre-marital property awarded to [Terry].

Brief for appellant in case No. A-96-1151 at 3-4.

In the appeal of the decree, Terry did not assign as error the district court's award of temporary alimony to Kathryn pending appeal. Furthermore, Terry did not assign as error or argue in his brief to the Court of Appeals that the district court should be ordered to give him a credit for the temporary alimony paid pending appeal, which credit would be applied against either a permanent alimony award or the division of property, should Terry be successful in either of his appellate challenges to alimony or the division of property.

The Court of Appeals affirmed in part, and in part reversed the district court's decree. Specifically, the Court of Appeals affirmed the district court's decree in all respects except for the award of alimony, which it reversed, concluding it was an abuse of discretion. In its memorandum opinion of the appeal of the decree, the Court of Appeals did not address the district court's award of temporary alimony pending appeal.

Terry and Kathryn each filed a petition for further review with the Supreme Court. The petitions of both parties were denied on February 10, 1999. On February 19, the mandate was issued.

On April 8, 1999, Kathryn filed a "Petitioner's Motion to Authorize Release of Supersedeas Funds and to Allow the District Court to Apply Supersedeas to Unpaid Alimony Balance." In an order dated April 9, the district court spread the mandate upon its records. On April 16, Kathryn filed an affidavit and praecipe for summons in garnishment seeking to garnish the principal sum of $12,000 plus interest and costs of $371.60. In support of her applications, Kathryn alleged that Terry had essentially ceased paying alimony after the Court of Appeals had filed its memorandum opinion. Kathryn requested, inter alia, that the district court apply a supersedeas bond previously

posted by Terry in the earlier contempt proceeding to Terry's delinquent alimony payments.

On April 20, 1999, in response to Kathryn's motions, Terry filed a "Motion to Quash Garnishment and Order Repayment of Alimony." In the motion to quash, Terry stated that "the alimony judgment was reversed by the Court of Appeals making the order to pay alimony a nullity and therefore unenforceable." He sought an order requiring Kathryn to "refund all alimony or temporary alimony pending appeal payments made to her."

The parties' respective motions came on for an evidentiary hearing on April 20, 1999, and in a journal entry of even date, the district court overruled Terry's motion to quash and granted Kathryn's unpaid alimony motion. The district court ordered that Terry's supersedeas bond be used to satisfy the unpaid alimony and that the balance of the bond be released to Terry. Terry appeals the order of April 20 denying his motion to quash.

## ASSIGNMENT OF ERROR

On appeal, Terry has assigned one error. Terry claims the district court erred in overruling his motion to quash "to require [Kathryn] to repay the alimony paid by [Terry] to [Kathryn] during the pendency of the appeal after the appellate court determined that [Kathryn] was not entitled to alimony and reversed the alimony awarded in the Decree."

## STANDARD OF REVIEW

■ Because the substance of Terry's motion to quash challenges the validity of the district court's order awarding Kathryn temporary alimony pending appeal, and Terry's assignment of error presents the same issue, the issue presented is one of law in connection with which we, as a reviewing court, have an obligation to reach our own conclusion independent of those reached by the lower courts. See, *Pfeifer v. E.I. Du Pont de Nemours and Co.*, 258 Neb. 756, 606 N.W.2d 773 (2000); *State v. Nissen*, 252 Neb. 51, 560 N.W.2d 157 (1997).

## ANALYSIS

*Records Reviewable on Appeal.*

■ In order to resolve this appeal, we must determine what evidence and records can be reviewed by this court on appeal. It

is provided by statute that judicial notice may be taken of any fact not subject to reasonable dispute, when such fact is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Neb. Rev. Stat. § 27-201(2)(b) (Reissue 1995). It is well established that where cases are interwoven and interdependent and the controversy involved has already been considered and determined by the court in a former proceeding involving one of the parties now before it, the court has the right to examine its own records and take judicial notice of its own proceedings and judgments in the former action. *In re Adoption of Trystyn D., ante* p. 539, 611 N.W.2d 112 (2000); *Baltensperger v. Wellensiek,* 250 Neb. 938, 554 N.W.2d 137 (1996). Similarly, appellate courts in this state may take judicial notice of a document, including briefs filed in an appeal, in a separate but related action concerning the same subject matter in the same court. *Holste v. Burlington Northern RR. Co.,* 256 Neb. 713, 592 N.W.2d 894 (1999); *State Security Savings Co. v. Pelster,* 207 Neb. 158, 296 N.W.2d 702 (1980); *State v. Vann,* 2 Neb. App. 946, 519 N.W.2d 568 (1994). We, therefore, review the briefs and the transcript filed in the appeal of the decree in the consideration of the instant appeal.

*Overruling of Terry's Motion to Quash.*

At the core of Terry's appeal is the claim that he should not be liable for temporary alimony pending appeal when the alimony award set forth in the decree is reversed on appeal. Indeed, in his brief in support of his current appeal of the order of the district court overruling his motion to quash, Terry asserts:

> When a party to a dissolution of marriage action seeks temporary alimony to be paid during the pendency of an appeal which claims error in the awarding of the alimony, it is patently unfair that the recipient should be entitled to receive the money with impunity and without any risk of repayment should the appellant's appeal prove to be successful in reversing the alimony judgment.

Brief for appellant at 6. However, rather than challenging the order of October 18, 1996, granting temporary alimony pending appeal in the initial appeal of the divorce as the law allows,

Terry now attempts to challenge the order of temporary alimony pending appeal through the vehicle of a motion to quash, which he filed on April 20, 1999.

In response to Terry's appeal, Kathryn argues in her brief before this court that this court should dismiss Terry's appeal for lack of jurisdiction because Terry's challenge to the district court's order awarding Kathryn temporary alimony pending appeal is out of time. Although we determine that we do have jurisdiction over Terry's appeal of the denial of his motion to quash, we agree with Kathryn that Terry's challenge of the order of temporary alimony pending appeal should have been raised in the appeal from the decree and not in the form of a motion to quash collection of temporary alimony pending appeal, as Terry has attempted to do.

It is not the office of a motion to quash, filed in response to a motion to garnish, to collaterally attack the judgment, the collection of which is the subject of the garnishment. See *Department of Banking v. Foe*, 136 Neb. 422, 286 N.W. 264 (1939) (decree rendered by court having jurisdiction of subject matter and parties cannot be successfully assailed collaterally by challenge to garnishment). Terry's motion to quash, filed in response to Kathryn's applications seeking garnishment for payment of the unpaid temporary alimony, is an impermissible attempt to attack, collaterally, the district court's October 18, 1996, order awarding Kathryn temporary alimony pending appeal. The district court properly overruled Terry's motion to quash.

In reviewing the present record as well as the briefs and the transcript in the appeal of the decree, we note that the district court's order awarding Kathryn temporary alimony pending appeal was entered on October 18, 1996, and that Terry filed his notice of appeal on November 8. We also note that Terry did not assign as error in the appeal of the decree the district court's award of temporary alimony pending appeal. Neither Terry's assignments of error in the appeal of the decree nor his brief filed in that appeal discuss or challenge in any manner the award of temporary alimony pending appeal. Terry did not challenge the award of temporary alimony pending appeal, nor did he seek any type of credit for the temporary alimony he paid during the

appeal to be applied against either the permanent alimony award, if any, or the division of marital property, should his challenge to permanent alimony be successful on appeal. Given the presentation of claims for appellate review, the Court of Appeals did not address the award of temporary alimony pending appeal in its memorandum opinion. See *Nelson v. Lusterstone Surfacing Co.*, 258 Neb. 678, 605 N.W.2d 136 (2000) (to be considered by appellate court, alleged error must be both specifically assigned and specifically argued in brief). In the appeal of the decree, the Court of Appeals affirmed the decree in all respects, except for the award of permanent alimony.

Prior cases of this court demonstrate that in dissolution actions, a challenge to an award of temporary alimony pending appeal is to be brought at the same time as the appeal of the decree of dissolution. See, e.g., *Davidson v. Davidson*, 254 Neb. 656, 578 N.W.2d 848 (1998) (claim that trial court erred in not allowing credit toward permanent alimony for temporary alimony paid pending appeal); *Isenberger v. Isenberger*, 239 Neb. 706, 477 N.W.2d 927 (1991) (same); *Seemann v. Seemann*, 225 Neb. 116, 402 N.W.2d 883 (1987) (challenge to trial court's order allowing credit against property settlement for temporary support paid pending appeal); *Barnes v. Barnes*, 192 Neb. 295, 220 N.W.2d 22 (1974) (credit sought against permanent alimony award for temporary alimony paid pending appeal).

In *Olson v. Olson*, 195 Neb. 8, 236 N.W.2d 618 (1975), a case procedurally similar to the instant appeal, the district court entered the divorce decree, awarding the petitioner alimony in a lump-sum amount, payable by the respondent in 10 annual installments. After the decree was entered and following a hearing, the respondent was ordered to pay the petitioner temporary support during the pendency of the appeal. The petitioner appealed, and the respondent cross-appealed. On appeal, the respondent specifically claimed he was entitled to a credit of the amounts he paid petitioner pending appeal against the lump-sum award of alimony. Although this court rejected on the merits the respondent's appeal for a credit, we noted that the respondent had followed the proper procedure.

There is considerable logic supporting the procedure by which a temporary award of alimony pending appeal is to be considered

in the appeal of the divorce decree. Consideration of temporary alimony pending appeal in an appeal of a decree permits the appellate court to rule on the propriety of temporary payments in connection with its ruling on permanent alimony and other matters such as division of property and modification of the decree if necessary. If the alimony award is reversed or modified, the appellate court can order, inter alia, that the temporary payments be applied to permanent alimony or credited against property division. See *Isenberger v. Isenberger, supra.* Thus, had Terry raised a challenge to the award of temporary alimony pending appeal at the same time he challenged the award of permanent alimony, the Court of Appeals could have decided the propriety of the temporary award, as well as determined the issue of what credit or adjustment to which Terry may have been entitled. Had Terry followed the prescribed procedure, Terry's current attempt to gain relief from the temporary alimony payments made during the appeal by collaterally attacking the order awarding temporary alimony through a motion to quash would have been obviated. Not having challenged the temporary award of alimony pending appeal in the appeal of the decree, the order awarding temporary alimony pending appeal remained in effect, and Terry remained liable therefor until the mandate was spread on the record. See, Neb. Rev. Stat. § 42-365 (Reissue 1998); *State v. Kinser*, 256 Neb. 56, 588 N.W.2d 794 (1999).

In his reply brief, Terry argues that this court's decision in *Aspinwall v. Aspinwall*, 18 Neb. 463, 25 N.W. 623 (1885), precludes an appeal of a temporary award of alimony because the temporary order is not final. Terry misunderstands the *Aspinwall* opinion. In *Aspinwall*, we held that an order awarding temporary alimony prior to the entry of the decree of dissolution is not a final order. We said "[t]he principal thing sought and litigated for in the action is a divorce, and no judgment or decree in the case can be considered final unless it either awards or denies such divorce." 18 Neb. at 464, 25 N.W. at 623-24. Thus, we held in *Aspinwall* that an order awarding temporary alimony during the pendency of the case and prior to the entry of a divorce decree was not a final, appealable order.

■ The purpose of a temporary alimony award prior to a decree is to provide temporary support during the dissolution

proceedings, see, generally, *Kricsfeld v. Kricsfeld*, 8 Neb. App. 1, 588 N.W.2d 210 (1999), and such temporary alimony terminates when the divorce decree is entered, see, e.g., *Rickus v. Rickus*, 184 Neb. 833, 172 N.W.2d 628 (1969). The purposes of an award of temporary alimony pending appeal include providing for support pending appeal and, by virtue of the award being denominated "temporary," permitting the recipient of the alimony award to appeal its sufficiency without being deemed to have accepted its benefits and having waived an appeal thereof. See *Fletcher v. Fletcher*, 227 Neb. 179, 416 N.W.2d 570 (1987). Based on the foregoing, we conclude that the proper manner by which Terry should have challenged the award of temporary alimony pending appeal was in the appeal of the decree, and having failed to do so, he waived such challenge.

## CONCLUSION

Terry's motion to quash is an improper attempt to collaterally attack the district court's October 18, 1996, order awarding Kathryn temporary alimony pending appeal. For the reasons set forth above, we affirm the district court's order overruling Terry's motion to quash.

AFFIRMED.