IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

WHITE V. GEORGE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

NATOSHA M. WHITE, APPELLEE, AND STATE OF NEBRASKA, INTERVENOR-APPELLEE,

V.

CHRISTIAN GEORGE, APPELLANT.

Filed February 2, 2016.    No. A-14-1114.

Appeal from the District Court for Cheyenne County: DEREK C. WEIMER, Judge. Affirmed.

William E. Madelung, of Madelung Law Office, for appellant.

James L. Zimmerman, Special Acting Cheyenne County Attorney, for intervenor-appellee.

IRWIN, PIRTLE, and RIEDMANN, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Christian George appeals from the order of the district court of Cheyenne County, Nebraska, that denied his motion for reconsideration or new trial, issued after the court denied George's complaint to modify child support, custody, and visitation. Because George appeals only the order denying his motion for reconsideration or new trial, we address only those issues raised in the post-trial motion and assigned on appeal. After our de novo review of the record, we affirm the order of the trial court.

## BACKGROUND

Natosha M. White and George divorced in Colorado in 2008. Subsequently, the Colorado court entered a parenting plan and child support order regarding the parties' two minor children. Both parties moved to Nebraska and George registered his child support order in the district court

- 1 -

of Cheyenne County. After registering the order, George sought a modification of his child support, which the trial court denied and we affirmed in a memorandum opinion.

George filed a subsequent complaint seeking modification of support, custody, and visitation in July 2013. George's complaint alleged the following grounds for modification: (1) both parents and children have moved to and reside in Cheyenne County, (2) George has moved to reside closer to the children, (3) the children have requested to spend more time and/or to live with George, (4) White has been uncooperative with George regarding his visitation schedule and conditions, (5) George and the children have been involved with family counseling to deal with grief from the death of a sibling, and (6) White has obtained gainful employment at Sidney Regional Medical Center.

During the course of trial preparation, the Court issued an order to show cause why George should not be held in contempt for failure to pay child support previously ordered. Trial on the issue was scheduled for the same day as the modification trial. White also filed a motion to compel discovery and for sanctions, based upon George's initial failure to respond to discovery and the subsequent insufficiency of his responses. The court granted the motion to compel and as a sanction, entered an order prohibiting George from offering any evidence regarding his employment or monthly expenses, any exhibits with the exception of depositions that had been taken, and from seeking modification of his child support due to any alleged change of circumstance due to his employment or earning capacity.

Following trial, the district court entered an order on November 7, 2014, denying modification of child support, custody, or visitation, and finding George in contempt for failing to pay child support. George filed a motion for reconsideration or new trial. In his motion, George moved the court to reconsider its order of November 7 denying the complaint to modify custody or visitation, and finding him in willful contempt for failure to pay child support. After a hearing, the district court denied the motion. George appeals from that order.

ASSIGNMENTS OF ERROR

George's sole assignment of error is that the district court abused its discretion by denying his motion for reconsideration or new trial.

STANDARD OF REVIEW

An appellate court reviews a motion to alter or amend, or for new trial, for an abuse of discretion. *Mandolfo v. Mandolfo*, 281 Neb. 443, 796 N.W.2d 603 (2011).

Modification of child support payments is entrusted to the trial court's discretion, and although, on appeal, the issue is reviewed de novo on the record, we will affirm the trial court's decision absent an abuse of discretion. *Freeman v. Groskopf*, 286 Neb. 713, 838 N.W.2d 300 (2013). Similarly, child custody determinations, *Schrag v. Spear*, 290 Neb. 98, 858 N.W.2d 865 (2015), and visitation modifications, *Walters v. Walters*, 12 Neb. App. 340, 673 N.W.2d 585 (2004), are reviewed de novo but affirmed absent an abuse of discretion.

In a review de novo on the record, an appellate court reappraises the evidence as presented by the record and reaches its own independent conclusions on the matters at issue. *Freeman v. Groskopf, supra*. When evidence is in conflict, the appellate court considers and may give weight

to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Schrag v. Spear*, *supra*.

ANALYSIS

George's sole assignment of error on appeal is that the district court erred in denying his motion for reconsideration or new trial. Because George's motion was filed within 10 days of the order denying modification and sought substantive alteration of that judgment, we will treat the motion as a motion to alter or amend under Neb. Rev. Stat. § 25-1329 (Reissue 2008). See *Central Neb. Pub. Power v. Jeffrey Lake Dev.*, 267 Neb. 997, 679 N.W.2d 235 (2004).

George argues in his brief that the trial court abused its discretion in granting White's motion to compel and request for sanctions and for finding him in willful contempt; however, George did not assign as error any issue relating to the discovery order or to the issue of contempt, nor did he include either of these issues in his motion for reconsideration. Given the limited assignment of error and the fact that George did not raise the issue of sanctions or contempt in his post-trial motion, we will not address these arguments. That is not to say that only issues raised in a post-trial motion may be appealed, but when the only assigned error on appeal is the court's ruling on that motion, our review will be limited to the assigned error. Errors argued but not assigned will not be addressed by an appellate court. *Krajicek v. Gale*, 267 Neb. 623, 677 N.W.2d 488 (2004).

George invites us to review these issues under a plain error analysis. Plain error is error plainly evident from the record, which prejudicially affects a litigant's substantial right and which is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *Steffy v. Steffy*, 287 Neb. 529, 843 N.W.2d 655 (2014). The decision to proceed on plain error is at the discretion of the appellate court. *Id*. We decline George's invitation. Therefore, the only issues properly before us are those raised in George's motion for reconsideration or new trial.

*Motion for Reconsideration.*

In his post-trial motion, George argues that the district court should have considered the following three events to constitute material changes in circumstances for custody, visitation, and child support: (1) White now works full time; (2) White and George now live two blocks from one another; and (3) the minor children are now bonded to George's infant daughter, their half-sister. We address each issue below.

*White's Full-Time Employment.*

George argues that the district court erred in denying his motion to reconsider because it was an abuse of discretion to not grant a child support modification based on evidence that White obtained full-time employment. Because the evidence in the record on appeal is insufficient to establish a material and substantial change in circumstances, we find this assignment of error to be without merit.

The main principle behind the child support guidelines is to recognize the equal duty of both parents to contribute to the support of their child in proportion to their respective net incomes. Neb. Ct. R. § 4-201. A party seeking to modify a child support order must show a material change

of circumstances which occurred subsequent to the entry of the original decree or a previous modification and which was not contemplated when the prior order was entered. *Grahovac v. Grahovac*, 12 Neb. App. 585, 680 N.W.2d 616 (2004). Among the factors to be considered in determining whether a material change of circumstances has occurred are changes in the financial position of the parent obligated to pay support, the needs of the children for whom support is paid, good or bad faith motive of the obligated parent in sustaining a reduction in income, and whether the change is temporary or permanent. *Collins v. Collins*, 19 Neb. App. 529, 808 N.W.2d 905 (2012).

George sought a modification of child support on the basis that White had obtained full-time employment since the date of the original decree. Although George was prevented from presenting any evidence of his employment, wages, or compensation; seeking modification of his child support due to changes of his employment or earning capacity; offering evidence of his monthly expenses; or offering any exhibits at trial other than certain depositions, he did elicit testimony that White is now employed full-time working 40 hours per week at TE Connectivity at a rate of $14.93 per hour. This is a change in circumstances, as we note from our records of George's previous appeal that the current Colorado order imputes no income to White. See *Jessen v. Jessen*, 259 Neb. 644, 648-49, 611 N.W.2d 834, 837-38 (2000) (authorizing appellate court to take judicial notice of its own record from previous appeal where cases are interwoven and interdependent and controversy involved has already been considered and determined by court in a former proceeding involving one of the parties now before it).

However, the parents' duty to contribute to the support of their children is based upon net income, not salary. See § 4-201. And one of the factors to consider in deciding whether a material change has occurred is the financial position of the parent, not just his or her gross income. Other than the evidence that White is now employed full-time at the rate of $14.39 per hour, the record contains no evidence of her net income or her current financial position. Neb. Ct. R. § 4-205 provides that certain deductions should be annualized to arrive at monthly net income for purposes of establishing child support, but we lack evidence of those deductions. The record further lacks copies of the "last 2 years' tax returns to verify 'total income'" and "copies of present wage stubs" as required by Nebraska Child Support Worksheet 1. Because the record lacks this evidence, George has not met his burden of proving that a material change occurred in White's financial condition which would result in a 10 percent or greater change in George's child support payment. See *Grahovac v. Grahovac*, *supra*. For these reasons, we cannot say that the district court abused its discretion in refusing to modify child support.

*Location of Parties' Homes and Bond*
*Between Children and Half-Sister.*

George argues that the district court erred in failing to reconsider its denial of modification of custody or visitation. Ordinarily, custody of a minor child will not be modified unless there has been a material change in circumstances showing that the custodial parent is unfit or that the best interests of the child require such action. *Heistand v. Heistand*, 267 Neb. 300, 312, 673 N.W.2d 541, 550-51 (2004). Visitation modification also ordinarily requires a material change in circumstance. *Walters v. Walters*, 12 Neb. App. 340, 673 N.W.2d 585 (2004). The best interests

of the children are the primary and paramount considerations in determining and modifying visitation rights. *Id.*

Since the time of the original decree, both parties have moved to Nebraska and currently live within walking distance of each other. The Colorado order provided for different visitation and custody arrangements if the parties lived in different states or both moved to Nebraska. George submitted depositions of both minor children on the question of whether they would like increased parenting time with George. The older child stated that she preferred to maintain the current visitation schedule. The younger child was interested in a more equal split in time between her parents. Both children testified they enjoyed spending time with George's infant daughter. The children stated that they go to church with both parents, but both children stated that they prefer their mother's church. No evidence was adduced that either parent is unfit.

After our de novo review of the evidence on the record, we agree with the trial court that neither the fact that the parties have moved to Nebraska within a short distance of one another nor the birth of George's infant daughter constitute material changes of circumstance such that the best interests of the children require modifications to custody or visitation. Accordingly, we affirm the determination of the trial court as to these issues.

## CONCLUSION

Following our de novo review of the record, we find no abuse of discretion by the trial court and accordingly affirm.

AFFIRMED.